FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 11 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MANUEL ANTONIO GOMEZ HERRERA,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-0786 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Manuel Antonio Gomez Herrera ("Herrera") seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that it was unlawful under United States v. Santos, 553 U.S. 507 (2008). (See Pet. (Docket Entry # 1).) For the following reasons, Herrera's Petition is dismissed.

**I.    BACKGROUND**

On September 11, 2007, pursuant to a plea agreement, Herrera pleaded guilty to laundering drug proceeds, in violation of 18 U.S.C. § 1956 (a)(2)(B)(i). (See Tr. of Plea Proceeding ("Plea Tr.") (Resp't Mem. (Docket Entry # 3) Ex. 5).) On May 29, 2008, the court sentenced Herrera to fifteen months of imprisonment and two years of supervised release. (See Judgment (Resp't Mem. Ex. 4).)

In his plea agreement, Herrera agreed to waive any appeal or other post-conviction challenge to any sentence of forty-one months or less. (See Plea Agreement (Resp't Mem. Ex. 3) ¶ 4; Plea Tr. at 25.) At the plea proceeding, Herrera stated that he understood the plea agreement (Plea Tr. at 17, 21, 25), that trial counsel had answered his questions about it (id. at

1

21), and that he understood the waiver provision (id. at 25). Herrera stated at the plea proceeding that he was satisfied with the assistance his trial counsel had provided. (Id. at 11-12.) He also stated that he was pleading guilty voluntarily and of his own free will. (Id. at 27.) Accordingly, the court found that Herrera was "acting voluntarily" and that he understood "his rights and the consequences of his plea." (Id. at 34.)

## II. DISCUSSION

Under 28 U.S.C. § 2255, a court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b). In § 2255 proceedings, the petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

The record shows that Herrera knowingly and voluntarily entered into an agreement not to challenge any sentence of forty-one months or less. This waiver is enforceable, and, as the Government correctly argues (see Resp't Mem. at 2-3), bars relief. See United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) ("Where the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable.").[1] Since Herrera waived his right to

---

[1] The Second Circuit has noted that such a waiver is "not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel," United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001), or where "the Government breaches the plea agreement," United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999). Herrera does not allege that his trial counsel was ineffective in advising him to enter into the plea agreement or the waiver provision therein, nor does he allege that the Government in any way breached the agreement.

2

challenge any sentence of forty-one months or under, and since this waiver is enforceable, his Petition is dismissed.

## III. CONCLUSION

For the foregoing reasons, Herrera's Petition is DISMISSED. Because Herrera has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 7, 2011

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge